**NOT FOR PUBLICATION**

SEP 28 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL RECINOS LOPEZ, a.k.a. Ismael Recinos, a.k.a. Ismael Lopez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74438 <br><br> Agency No. A095-136-409 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010**

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ismael Recinos Lopez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject petitioner's claim that he is eligible for asylum and withholding of removal based upon his membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). To the extent petitioner contends he is a member of particular social group distinct from that considered and rejected by the BIA, we lack jurisdiction to consider the contention because he did not exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, because petitioner failed to demonstrate that he was or will be persecuted on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Substantial evidence supports the BIA's denial of CAT relief because petitioner failed to show it is more likely than not that he would be tortured if returned to El Salvador.  *See Santos-Lemus*, 542 F.3d at 747-48.

**PETITION FOR REVIEW DENIED.**